UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

FEDERAL NATIONAL MORTGAGE ASSOCIATION,

    Plaintiff,

v.

NANCY A. BOYNTON; and PATRICIA BEEKES,

    Defendants.

C.A. No. 1:19-cv-00058

# COMPLAINT FOR JUDICIAL FORECLOSURE

## I. INTRODUCTION

Plaintiff, Federal National Mortgage Association ("Fannie Mae"), brings this complaint for judicial foreclosure of property located at 4 Cassisi Court, North Providence, Rhode Island (the "Property"), pursuant to R.I. Gen. Laws § 34-27-1. Defendants, Nancy A. Boynton and Patricia Beekes ("Defendants"), originally granted a mortgage to Sovereign Bank ("Sovereign") on July 18, 2007 encumbering the Property (the "Mortgage"). The Mortgage was recorded in the Land Evidence Records for the Town of North Providence on July 23, 2007 at Book 2426, Page 262. Defendants subsequently defaulted on their obligations under the terms of the Mortgage and the promissory note it secures, and have failed to cure that default as of the filing of this Complaint. Pursuant to R.I. Gen. Laws § 34-27-1, Fannie Mae seeks entry of judgment from this Court to foreclose on the Mortgage by holding a public auction and sale of the Property.

## II. PARTIES

1.    Plaintiff, Federal National Mortgage Association, is a corporation organized under the laws of the United States.

2. Upon information and belief, Defendant, Nancy A. Boynton ("Boynton"), resides at 4 Cassisi Court, North Providence, Rhode Island.

3. Upon information and belief, Defendant, Patricia Beekes ("Beekes"), resides at 4 Cassisi Court, North Providence, Rhode Island.

### III. JURISDICTION AND VENUE

4. This Court has original jurisdiction over this action in accordance with 28 U.S.C. § 1332 because the parties to this suit are diverse and because both the mortgage loan debt and the value of the property exceed $75,000.00, exclusive of interest and costs.

5. Fannie Mae's claims for judicial foreclosure are appropriate in this District pursuant to 28 U.S.C. § 1391(b) as the Property and the events at issue that result in foreclosure are located and/or occurred in this District.

6. The subject Property is located at 4 Cassisi Court, North Providence, Rhode Island.

### IV. FACTUAL ALLEGATIONS

7. Fannie Mae adopts and restates the allegations in Paragraphs 1 through 6 of its Complaint.

8. On July 18, 2007, Defendants Boynton and Beekes executed a promissory note (the "Note") through which they promised to repay, with interest, the principal sum of $165,000.00 to Sovereign n/k/a Santander Bank, N.A. ("Santander"). (Note, *Exhibit A*.)

9. To secure their repayment obligations under the Note, Defendants mortgaged, granted, and conveyed the Property via the Mortgage to Sovereign. (Mortgage, *Exhibit B*.) The Mortgage was recorded in the Land Evidence Records for the Town of North Providence on July 23, 2007 at Book 2426, Page 262.

10. On April 6, 2010, Sovereign assigned its interest in the Mortgage to Fannie Mae via an Assignment of Note and Mortgage (the "Assignment"). (Assignment, *Exhibit C*.) The Assignment was recorded in the Land Evidence Records for the Town of North Providence on April 20, 2010 at Book 2648, Page 220. (*Id.*)

11. The Mortgage provides that its covenants and agreements shall bind and benefit the successors and assigns of Sovereign. (Mortgage, *Exhibit B*, at ¶ 13.)

12. Defendants thereafter defaulted on their repayment obligations under the Note and the Mortgage with payment due for April 1, 2011.

13. On August 29, 2018, Fannie Mae, through its mortgage loan servicer, Santander, issued a notice of default to Boynton and Beekes under the terms, and in compliance with, the Mortgage, including but not limited to, Paragraph 22 (the "Notices of Default"). (Notices of Default, *Exhibit D*.)

14. The Notices of Default provided that the "default must be cured on or before October 8, 2018 by tendering payment in the amount of $172,845.83. (*Id.*)

15. The amount Defendants must pay in order to cure the default under the Note and Mortgage and to reinstate the loan as of August 29, 2018 is $172,845.83, exclusive of attorney's fees and costs incurred in bringing the instant action. (Notices of Default, *Exhibit D*.)

16. As of the date of commencement of this action, Defendants have not cured their default or reinstated the Mortgage, as provided under the terms of the Mortgage, including Paragraph 19. (Mortgage, *Exhibit B*.)

17. Since the August 29, 2018 Notices of Default were mailed to Defendants, more than thirty days have passed, and specifically, the October 8, 2018 deadline for Defendants to cure their default has expired.

18. Defendant's total indebtedness under the terms of the Note and Mortgage through January 8, 2019 is $27,210.45. (Payoff Quote, *Exhibit E*.)

19. In addition, and in accordance with Paragraphs 9, 14 and 22 of the Mortgage, Fannie Mae is entitled to a full recovery of all attorney's fees, expenses and costs incurred in defending and protecting its interest in the Property, protecting its rights under the Mortgage, and collecting all expenses incurred in pursuing the remedies provided in Paragraph 22, including but not limited, the reasonable attorneys' fees and costs with respect to this judicial foreclosure action.

20. Upon information and belief, and a review of the Town of North Providence Land Evidence Records, there are no junior lienholders to Fannie Mae's secured interest in the Property.

## COUNT I

## JUDICIAL FORECLOSURE

21. Fannie Mae incorporates by reference its responses to Paragraphs 1 through 20 of the Complaint.

22. Defendants have failed to pay the required principal and interest payments on the debt evidenced by the Note and secured by the Mortgage.

23. Defendants have failed to cure their default at any time following the notice of default issued in strict compliance with Paragraph 22 of the Mortgage.

24. Defendants' default on the Note breached the uniform covenants of the Mortgage, which permits Fannie Mae to thereafter accelerate the loan to maturity and demand full repayment.

25. Under the terms of Paragraph 22 of the Mortgage, following acceleration, Fannie Mae is contractually permitted to foreclose Defendants' right to redeem the Property.

WHEREFORE, Fannie Mae requests the following relief:

A. An order from the Court accelerating the mortgage loan debt in accordance with the terms of Paragraphs 19 and 22 of the Mortgage;

B. An order from the Court authorizing Fannie Mae to notice and conduct a foreclosure sale of the Property under Court oversight;

C. An order and judgment of this Court foreclosing the Mortgage and Defendants' right of redemption;

D. An award of attorney's fees, costs, and expenses in pursuit of foreclosure and in accordance with the express terms of the Mortgage; and

E. Such other and further equitable relief as the Court deems may be required.

Respectfully submitted,

FEDERAL NATIONAL MORTGAGE ASSOCIATION,

By Its Attorneys,

*/s/ Samuel C. Bodurtha*
Samuel C. Bodurtha, Bar No. 7075
Ethan Z. Tieger, Bar No. 9308
HINSHAW & CULBERTSON LLP
56 Exchange Terrace, Suite 5
Providence, RI 02903
Telephone: (401) 751-0842
Facsimile: (401) 751-0072
sbodurtha@hinshawlaw.com
etieger@hinshawlaw.com

Dated: February 7, 2019